NOT DESIGNATED FOR PUBLICATION

No. 112,894

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

SHARON JONES,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ANTHONY J. POWELL, judge. Opinion filed February 12, 2016. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

*Per Curiam*:  Sharon Jones appeals her jury trial conviction for aggravated robbery, theft, and aggravated battery. On appeal, Jones claims the district court committed two errors:  (1) By answering a jury question in her absence, and (2) by using a jury instruction involving eyewitness identification no longer approved by our Supreme Court. Our review reflects that in the light of recent caselaw, the district court did err in proceeding to answer the jury question in Jones' absence, but it was harmless. As to her second issue, Jones requested the district court instruct on the degree of certainty factor in

1

the eyewitness instruction, thereby inviting the error, and is now barred from complaining on appeal. Affirmed.

FACTS

On March 8, 2010, Stephanie Battisti was in the Walmart parking lot loading groceries into her car when Laneshia Williams jumped out of the Suburban she was driving and grabbed Battisti's purse. Williams returned to the back seat of the vehicle and Battisti gave chase. Battisti jumped on the running board of the Suburban and struggled with Williams to get her purse back. Another woman sitting in the passenger seat slid into the driver's seat and started driving the vehicle. The woman had a ponytail and was wearing a coat. Shortly thereafter, the vehicle reversed, accelerated, and braked suddenly, throwing Battisti from the vehicle. Battisti attempted to chase the vehicle on foot, but was unable to catch the vehicle or get a license plate number.

When police arrived, Battisti told the officer what had happened and then went home. Approximately 45 minutes after the theft, an officer arrived at Battisti's house and took her to a traffic stop. The officer told her "they may have found the people who stole [your] purse." At the scene, Battisti identified Williams as her assailant and Sharon Jones as the vehicle's driver. Battisti identified Jones based solely on her ponytail and jacket. Officers recovered some of Battisti's property from the vehicle. Jones was charged with aggravated robbery, theft, and aggravated battery.

At trial, Battisti testified she was certain Jones was involved. During jury deliberations, the jury submitted a question asking to review Jones' counsel's closing argument. After contacting the prosecutor and Jones' counsel, the district court determined the jury could not review the closing argument. Jones was not present during this discussion. The district court provided a written response to the jury indicating it could not review the defendant's closing argument.

2

Jones filed a motion for new trial and a motion for judgment of acquittal. The district court denied both motions. Jones timely appeals her conviction claiming it was error for the district court to answer the jury's question without her being present, and the district court erred by including the degree of certainty factor in the eyewitness identification jury instructions.

ANALYSIS

*Determining the answer to a jury question outside of Jones' presence was harmless error.*

Failure to answer a jury question in the defendant's presence in open court is reviewed under the federal constitutional harmless error standard. *State v. King*, 297 Kan. 955, 967-68, 305 P.3d 641 (2013).

Because the answer occurred outside Jones' presence, the error infringes upon her federal constitutional right. A court will declare a constitutional error harmless only when the party benefitting from the error persuades the court "beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, proves there is no reasonable possibility that the error affected the verdict." *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012) (citing *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705, *reh. denied* 386 U.S. 987 [1967]). To determine whether the failure to answer a jury question in the defendant's presence is harmless beyond a reasonable doubt, we consider:

> "(1) the overall strength of the case against the defendant; (2) whether either party objected to the manner in which the judge handled the communication; (3) whether the judge's communication with the jury "concerned a critical aspect of the trial or rather involved an innocuous and insignificant matter," and also how the communication was conveyed to the jury; and (4) the ability of any posttrial remedy to "mitigate the constitutional error." *State v. Bolze-Sann*, 302 Kan. 198, 216-17, 352 P.3d 511 (2015)

3

Here, the district court's failure to answer the jury's question in Jones' presence was clearly harmless. First, a reasonable jury could have convicted Jones based on the evidence presented. Indeed, a reasonable jury did convict her. However, the State's case relied heavily on the victim's identification of Jones. In her closing argument, Jones' counsel stressed the inconsistencies in the victim's identification of Jones. The jury wanted to hear the closing argument of her attorney again. Since the jury could have concluded the victim misidentified Jones, this factor weighs in favor of Jones.

Secondly, Jones' attorney failed to timely object to the way in which the district court handled the matter. Jones argues this factor should weigh in her favor because she was unable to voice an objection since she was not there. In *Bolze-Sann*, the jury sent a note to the district court questioning whether there were any alternate meanings for "killed." The district court, the State, and Bolze-Sann's attorney conferred, but the record was unclear whether Bolze-Sann was present. The Kansas Supreme Court presumed Bolze-Sann was not present, but found her attorney's failure to object to her lack of presence weighed against her in the harmless error analysis. *Bolze-Sann*, 302 Kan. at 217. Here, not only did Jones' counsel not object, she specifically informed the district court not to wait for Jones since it was obvious the jury would not be allowed to hear the closing argument again. This factor weighs against Jones.

Third, though the judge's communication with the jury concerned a critical aspect of the trial and was written instead of given in open court, the content of the communication was innocuous and insignificant. Jones argues she has a constitutional right to present a closing argument. She exercised this right.

K.S.A. 22-3420(3), the statute in effect at the time of trial, read:

"After the jury has retired for deliberation, if they desire to be informed *as to any part of the law or evidence arising in the case*, they may request the officer to conduct them to

4

the court, where the information on the point of the law shall be given, or the evidence shall be read or exhibited to them in the presence of the defendant." (Emphasis added.)

However, closing arguments are not evidence. See *State v. Hall*, 292 Kan. 841, 846, 257 P.3d 272 (2011). Here, the jury asked the district court if it could review defense counsel's closing statements. Closing arguments are not evidence and the jury was not entitled to rehear defense counsel's closing argument. Since the jury was not entitled to have the closing argument presented to them a second time, the communication with the jury was innocuous and insignificant and the outcome would not have changed had Jones been present. Thus, this factor weighs against Jones.

Finally, despite filing both a motion for a new trial and a motion for acquittal, Jones did not seek posttrial relief based on the error. This factor likewise weighs against Jones.

Our analysis reflects three of the four factors set forth in *Bolze-Sann* in determining whether the error was harmless weighed against her. 302 Kan. at 216-17. There is no reasonable possibility the district court's error affected the verdict because, even if Jones had been present, the answer to the jury would have been the same. Thus, the error had no impact on the jury verdict and was harmless.

*Invited Error*

During the instruction phase of the trial, the district court instructed the jury it could consider a witness' degree of certainty expressed when assessing the credibility of his or her eyewitness testimony. In *State v. Mitchell*, 294 Kan. 469, 481, 275 P.3d 905 (2012), the Kansas Supreme Court disapproved of the degree of certainty factor because it "prompts the jury to conclude that an eyewitness identification is more reliable when the witness expresses greater certainty, which places undue weight on eyewitness

5

certainty evidence." At the time of Jones' jury trial, the eyewitness instruction given had previously been approved by our Supreme Court. See *State v. Hunt*, 275 Kan. 811, 815, 69 P.3d 571 (2003). This prior approval was withdrawn in *Mitchell*, which occurred more than 1 year after the jury convicted Jones. On appeal, Jones now argues the district court erred when it gave the eyewitness identification instruction containing the degree of certainty factor, even though she requested it.

A defendant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Jones proposed the jury instruction she now complains of on appeal. Her proposed instruction packet submitted to the district court contains the degree of certainty language. Likewise, Jones failed to object to the instruction during the instruction conference or when it was read to the jury. Because Jones specifically requested the eyewitness identification instruction containing the degree of certainty factor, she invited the error she complains of on appeal.

Relying on *State v. Brammer*, 301 Kan. 333, 343 P.3d 75 (2015), Jones argues "the only relevant time for a party's input into the instructions is the instruction conference. Any action taken prior to that is irrelevant for the purposes of challenging the district court's actions on appeal." Jones' argument misconstrues the Kansas Supreme Court's holding. Instead, *Brammer* held that simply submitting a proposed instruction was insufficient *to preserve* the district court's failure to give a requested instruction for appeal. 301 Kan. at 341.

Further, *Brammer* is distinguishable in that the issue was whether the defendant preserved a jury instruction challenge for appeal. The district court did not incorporate all of Brammer's proposed instructions into its draft jury instructions. At the instruction conference, the district court asked if either party requested any other instructions. Brammer said no. He did not re-offer the proposed instructions or object to the

instructions' exclusion. The Kansas Supreme Court held this was insufficient to preserve the requested instructions for appeal. 301 Kan. at 341.

Here, Jones proposed the eyewitness instruction including the degree of certainty factor. The district court gave the proposed instruction as requested by Jones verbatim. The issue is not whether Jones preserved the issue for appeal, but whether she invited the error. Thus, the holding in *Brammer*, which only applies to the preservation of jury instruction challenges, is inapplicable. Since Jones invited the error, her claim on appeal is without merit.

Affirmed.